[Cite as *State v. Cascarelli*, 2014-Ohio-5403.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 145 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ANGELA CASCARELLI | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                              Common Pleas of Mahoning County,
                              Ohio
                              Case No. 10 CR 666

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
                              Mahoning County Prosecutor
                              Atty. Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:      Atty. A. Ross Douglass
                              860 Boardman-Canfield Road
                              Suite. 204
                              Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  December 3, 2014

WAITE, J.

{¶1} Appellant Angela Cascarelli appeals the Mahoning County Common Pleas Court's decision to reinstate her sentence for aggravated robbery. Appellant argues that defense counsel's performance reflected ignorance of her substance abuse problems and that due to this ignorance counsel failed to request that she be evaluated for alternative sanctions such as placement at a drug treatment facility. The transcripts of the probation violation and sentencing hearings directly contradict Appellant's arguments. Appellant's assignment of error is without merit and the trial court judgment is affirmed.

Case History

{¶2} In 2010 Appellant pleaded guilty to aggravated robbery, a violation of R.C. 2911.02(A)(3)(B), a third degree felony. She was originally sentenced to a three-year term of incarceration. On August 15, 2011 Appellant was granted judicial release pursuant to R.C. 2929.20 and was placed under community control sanctions for three years. In 2013, Appellant pleaded guilty to possession of heroin. Based on that new conviction, she was also cited for a probation violation. On August 16, 2013, the court held a probation violation hearing. During the hearing the trial court discussed with Appellant her violation of the terms of her community control sanctions, her criminal history including two robbery convictions, and listened to her statements concerning the progress she made in counseling during the period of her judicial release. The trial court then revoked Appellant's community control and reimposed the remainder of her original sentence. This appeal followed.

ASSIGNMENT OF ERROR

APPELLANT WAS DENIED HER RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION SINCE HER COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.

**{¶3}** Appellant contends that defense counsel's ignorance of her history of addiction and illegal drug use resulted in ineffective assistance of counsel at the probation revocation hearing. To prevail on a claim of ineffective assistance of counsel, Appellant must show not only that counsel's performance was deficient, but also that she was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984); *see also State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶107. "Deficient performance" means performance falling below an objective standard of reasonable representation. *Strickland* at 687-688. "Prejudice," in this context, means a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

**{¶4}** The United States Supreme Court originally explained in *Strickland* that an "ineffectiveness claim * * * is an attack on the fundamental fairness of the proceeding whose result is challenged" * * * "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, *supra*, at 697 and 670. A defendant's burden when challenging the effectiveness of counsel is to demonstrate that some action or inaction by counsel operated to undermine or call into question the integrity of the process that resulted

in conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E. 2d 905 (1999). When evaluating the performance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Wesson*, 137 Ohio St.3d, 2013-Ohio-4575, 999 N.E.2d 557, ¶81. "Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 669. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689.

{¶5} Appellant complains that she was not assessed for placement at Community Corrections Association or any other treatment facility to deal with her addiction issues. She blames counsel for this alleged failure. Contrary to Appellant's arguments, the record of the sentencing hearing reflects a lengthy description by counsel as to the "drug and alcohol issues and emotional and mental issues" that his client had taken positive steps to address, including her participation in counseling and in the Turning Point program. (Sentencing Tr., p. 7.) Counsel also argued that returning Appellant to prison would hinder her positive progress and that she should be allowed to build on the changes she had made. (Sentencing Tr., p. 8.) The quotation from the probation revocation transcript Appellant cites as evidence of

defense counsel's ignorance of her history of substance abuse is truncated and misleading. The transcript reveals that during the probation violation hearing defense counsel specifically acknowledged that he was aware of other substance abuses, and he specifically requested "treatment options, if the court would consider them, there's structure at Community Corrections." (Probation Violation Hrg., p. 6.)

{¶6} This record directly contradicts Appellant's representations concerning counsel's alleged ignorance of her drug use problems and does not reflect any substandard performance by counsel. Defense counsel advocated alternative sanctions for Appellant throughout both the original sentencing and the probation violation proceedings. Counsel's statement that he was surprised with Appellant's involvement with heroin, when viewed in the context of all statements made during the probation violation hearing, appears to be a strategy designed to focus the court's attention on the addiction issue that underlies her criminal behavior and redirect the court toward treatment options. It is impossible to conclude from these transcripts that defense counsel's statement was anything other than a strategic decision within the range of choices defense counsel is required to make on behalf of his client. *See, e.g. State v. Maguire*, 7th Dist. No. 08 MA 188, 2009-Ohio-4393, ¶20, "[t]actical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance."

{¶7} While counsel may advocate for any sentence or diversion, there is no objective requirement that defense counsel request a particular sanction or present arguments in a specific manner. At sentencing, the trial court has "full discretion to impose a prison sentence within the statutory range." *State v. Foster*, 109 Ohio St.3d

1, 30, 2006-Ohio-856, ¶100. The trial court's broad discretion means that any connection between the actions or inactions of counsel at sentencing or probation violation hearings and the specific sentence imposed or reinstated is tenuous at best. In this instance Appellant's arguments do not accurately reflect defense counsel's performance or establish a connection between counsel's performance and some prejudice to Appellant. Nothing in this record supports a conclusion that defense counsel's advocacy was ineffective. Appellant's assignment of error is without merit and is overruled.

## Conclusion

{¶8} The transcripts of the probation violation and sentencing hearings reflect defense counsel's knowledge of Appellant's history of drug use. Counsel specifically requested alternative sanctions and explained to the court why such sanctions were preferable to incarceration. Appellant did not provide evidence of prejudice resulting from any act or omission by defense counsel. Appellant's argument is not persuasive and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.